

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00357-CR
No. 07-20-00358-CR

**JAMIE LEE BURNS A/K/A JAMIE LEE NELSON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 11,257, 11,393, Honorable James M. Mosley, Presiding

April 15, 2021

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Jamie Lee Burns a/k/a Jaime Lee Nelson, appeals from the trial court's judgments revoking his community supervision for the offenses of possession of a controlled substance and forgery. Appellant's brief was originally due March 18, 2021 but was not filed. By letter of March 25, 2021, we notified appellant's appointed counsel that the brief was overdue and admonished her that failure to file a brief by April 5th would result in the appeals being abated and the causes remanded to the trial court for further

proceedings without further notice. To date, appellant's counsel has not filed a brief or had any further communication with this court.

Accordingly, we abate the appeals and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether appellant still desires to prosecute the appeals;
2. whether appellant is indigent;
3. why a timely appellate brief has not been filed on behalf of appellant;
4. whether appellant's counsel has abandoned the appeals;
5. whether appellant has been denied the effective assistance of counsel;
6. whether new counsel should be appointed; and
7. if appellant desires to continue the appeals, the date the court may expect appellant's briefs to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by May 5, 2021. If it is determined that appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before May 5, 2021.

It is so ordered.

Per Curiam

Do not publish.